United States District Court
Eastern District of Michigan

United States of America,

      Plaintiff,               Criminal Case No. 19-mj-30652

v.

Fabian Andres Plata-Ocampo,

      Defendant.

**Stipulation and Order Continuing the Preliminary Examination and Finding Excludable Delay**

Defendant Fabian Plata-Ocampo made his initial appearance on the complaint on December 16, 2019. He consented to detention on December 18, 2019. The Court set the preliminary examination for December 30, 2019. The parties, through counsel, have stipulated to continuing the preliminary examination previously. This is another stipulation to an adjournment of the preliminary examination currently scheduled for Friday, May 22, 2020. The parties stipulate that this preliminary examination should be adjourned and held on Tuesday, June 30, 2020, based on the following:

The parties further stipulate, and jointly move for the Court to find, that the time period between May 22, 2020, and June 30, 2020, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of

justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.

The parties also stipulate that there is good cause for the requested continuance under Federal Rule of Criminal Procedure 5.1(d). The parties' reasons for the continuance and for a finding of excludable delay and good cause are as follows:

- The government and defendant need additional time to consider preindictment plea negotiations that may result in a plea agreement which would eliminate the need for this Court to conduct a preliminary hearing. A preindictment plea agreement will also provide that defendant waive his right to be prosecuted by indictment and thus eliminate the need for the government to seek an indictment and consume grand jury resources. In addition, a preindictment plea agreement will also eliminate the need for a trial.
- A part of the plea negotiations involves defense counsel's assessment of the government's case against defendant. This assessment requires that defense counsel have the reasonable time necessary to adequately review the discovery provided and/or about to be provided by the government to him and then confer with defendant. The discovery includes the following

categories of evidence: reports, an audio recording, cellular phone evidence, and documents evidencing financial transactions.

- On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases of COVID-19 in Michigan. President Donald Trump declared a national state of emergency on March 13, 2020. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities.

- Governor Whitmer extended her initial "Stay Home, Stay Safe" order until May 28, 2020. *See* www.michigan.gov/coronavirus, Executive Order 2020-67, Emergency Powers of the Governor Act, 1945 PA 302; Executive Order 2020-68, Emergency Management Act, 1976 PA 390.

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in

all criminal (and civil) cases and matters, and it postponed indefinitely all grand jury proceedings in the Eastern District of Michigan. *See* Administrative Order 20-AO-021. This Order also reflected the fact that the court cannot properly secure the presence of sufficient jurors and grand jurors in the courthouse without jeopardizing the health and safety of the prospective jurors, as well as the health and safety of court personnel. This Order further reflected the reality that the court staff, the Court Security Officers, and the Marshals Service could not operate or provide access to in-court proceedings without jeopardizing their health and safety.

- As a result, failure to grant a continuance would likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
- Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-21, the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that order, and request this Court to make case-specific findings supporting a determination of excludable delay.
- The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

4

Defendant further waives his right to a speedy trial under the Interstate Agreement on Detainers and agrees that the requested continuance is reasonable and necessary.

Respectfully submitted,

Matthew Schneider
United States Attorney

| *s/ Julie A. Beck* | *s/Rafael C. Villarruel (w/consent)* |
|---|---|
| Julie A. Beck | Rafael C. Villarruel |
| Assistant United States Attorney | Counsel for Fabian Plata Ocampo |
| 211 W. Fort Street, Suite 2001 | 613 Abbott, 5th Floor |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9717 | (313) 967-5555 |
| julie.beck@usdoj.gov | Rafael_Villarruel@fd.org |
| | |
| Dated: May 18, 2020 | Dated: May 18, 2020 |

United States District Court
Eastern District of Michigan

United States of America,

       Plaintiff,                Criminal Case No. 19-mj-30652

v.

Fabian Andres Plata-Ocampo,

       Defendant.
_____

**Order Continuing the
Preliminary Examination and Finding Excludable Delay**
_____

The Court has considered the parties' stipulation and joint motion to continue the preliminary examination and for a finding that the time period from May 22, 2020, and June 30, 2020, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from May 22, 2020, and June 30, 2020, qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- The government and defendant need additional time to consider preindictment plea negotiations that may result in a plea agreement which would eliminate the need for this Court to conduct a preliminary hearing. A

6

preindictment plea agreement will also provide that defendant waive his right to be prosecuted by indictment and thus eliminate the need for the government to seek an indictment and consume grand jury resources. In addition, a preindictment plea agreement will also eliminate the need for a trial.

- A part of the plea negotiations involves defense counsel's assessment of the government's case against defendant. This assessment requires that defense counsel have the reasonable time necessary to adequately review the discovery provided and/or about to be provided by the government to him and then confer with defendant. The discovery includes the following categories of evidence: reports, an audio recording, cellular phone evidence, and documents evidencing financial transactions.

- The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

- On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases of COVID-19 in Michigan. President Donald Trump declared a national state of emergency on March 13, 2020. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities.

- Governor Whitmer extended her initial "Stay Home, Stay Safe" order until May 28, 2020. *See* www.michigan.gov/coronavirus, Executive Order 2020-67, Emergency Powers of the Governor Act, 1945 PA 302; Executive Order 2020-68, Emergency Management Act, 1976 PA 390.

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters, and it postponed indefinitely all grand jury proceedings in the Eastern District of Michigan. *See* Administrative Order 20-AO-021. This Order also reflected the fact that the court cannot properly secure the presence of sufficient jurors and grand jurors in the courthouse without jeopardizing the health and safety of the prospective jurors, as well as the health and safety of court personnel. This Order further reflected the reality that the court staff, the Court Security

- Officers, and the Marshals Service could not operate or provide access to in-court proceedings without jeopardizing their health and safety.
- As a result, failure to grant a continuance would likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
- Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-21, the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that order, and request this Court to make case-specific findings supporting a determination of excludable delay.
- The Court further finds that Defendant waived his right to a speedy trial under the Interstate Agreement on Detainers and agrees that the requested continuance is reasonable and necessary.

The Court also finds that there is good cause for the requested continuance under Federal Rule of Criminal Procedure 5.1(d).

It is therefore ordered that the preliminary examination will be continued from May 22, 2020, and June 30, 2020, at 1:00 pm and that the time from May 22, 2020, and June 30, 2020, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served

9

by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

So ordered.

s/Elizabeth A. Stafford
Honorable Elizabeth A. Stafford
United States Magistrate Judge

Entered: May 18, 2020