United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,                          Case No. 20-20252
                                            Honorable Victoria A. Roberts

vs.

Fabian Andres Plata-Ocampo,

      Defendant.
_____/.

## Government's Sentencing Memorandum

I.      Procedural and Factual Background

      A. Procedural Background

Defendant Fabian Plata-Ocampo was charged by complaint on December 12, 2019. (ECF No. 1, PageID 1). He initially appeared on December 16 and consented to detention on December 18, 2019. (ECF No. 9, PageID 21).[1] The parties stipulated to the adjournment of the preliminary examination several times. (ECF Nos. 8, 11, 12, 13, 14 and 15).

---

[1] Defendant, a Colombian citizen, has a final order of removal in place. When the events leading to the charges in this case arose on October 19, 2019, defendant's visa was "out of status," meaning it had expired. Consequently, ICE took him into custody and began administrative immigration proceedings which resulted in a final order of removal. It is possible that defendant could be removed from the United States as soon as he is in ICE custody. Therefore, the parties are proceeding with the plea hearing and sentencing in the same hearing to account for that possibility.

Then on June 17, 2020, a grand jury indicted Defendant in a one-count indictment with bulk cash smuggling in violation of 31 U.S.C. § 5332, which was unsealed on June 30, 2010. (ECF No. 16, Indictment, PageID 61; ECF No. 18, Order Unsealing Indictment, PageID 67).

Defendant decided to plead guilty. The Rule 11 Plea Agreement will be entered officially on the docket on August 20. In the Rule 11, already signed by all parties, Defendant pleaded guilty to Count One of the Indictment. The Court set the plea and sentencing date.

As noted in the PSR, ICE (Immigration and Customs Enforcement) has lodged a detainer against Defendant because he is not a citizen of the United States and was in the country "out of status." PSR, p. 1. Because he has been in custody since October 19, 2019, Defendant has not been supervised by Pretrial Services.

Defendant has filed a "Notice of Harm if Hearing is Delayed," ECF No. 21, PageID 72, and a "Waiver of Appearance for Plea and Sentencing, ECF No. 22, PageID 74, to comply with the CARES Act and pursuant to Federal Rule of Criminal Procedure 43.

B. Factual Background

The charged conduct occurred on or about October 19, 2019, at approximately 7:00 pm, Defendant arrived at the Detroit Ambassador Bridge Port of Entry, which is in the Eastern District of Michigan. Defendant was driving a vehicle of which he

was the sole occupant. Customs and Border Protection officers explained the currency reporting requirements to Defendant and asked how much currency he was in possession of. Defendant stated that he was in possession of $10,000 in currency.

Upon further inspection, CBPO located several bundles of United States currency hidden in the dashboard and several bags located in the vehicle. The total amount of United States currency found in the vehicle and on Defendant's person was approximately $178,427.

## II.    SENTENCING ARGUMENT

### A.    Section 3553(a) sets forth the sentencing factors for the Court to consider.

Title 18 of the United States Code, Section 3553(a), provides the framework that guides the Court when imposing sentence upon a criminal defendant. The statute requires that a Court impose a sentence "sufficient but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection."    18 U.S.C. § 3553(a). The Court must consider the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentence imposed by the Court must also "reflect the seriousness of the offense, […] promote respect for the law, and […] provide just punishment for the offense." 18 U.S.C. § 3353(a)(2)(A). The sentence must also "afford adequate deterrence to criminal conduct and […] protect the public from further crimes of the defendant."

18 U.S.C. § 3553(a)(2)(B)-(C). Finally, the sentence imposed must "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

Additionally, the Court must consider, "the kinds of sentences available …[and] the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the [United States Sentencing] guidelines." 18 U.S.C. §§3553(a)(3), 3553(a)(4)(A). The Court should also take into account any pertinent policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3553(a)(5).

Moreover, the Court must also factor into its sentencing decision, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6). Likewise, a Court must consider whether there is a need to impose restitution to any victim or victims of the defendant's offenses. 18 U.S C. § 3553(a)(7).

B. <u>The Court must consider the Guidelines when determining a sentence.</u>

Title 18 of the United States Code, Section 3553(b), instructs the Court on the application of the Sentencing Guidelines in the imposition of a sentence upon a criminal defendant. However, in 2005, the Supreme Court, excised 18 U.S.C. § 3553(b)(1) from the Sentencing Reform Act of 1984 and declared that the

Sentencing Guidelines are no longer mandatory but rather are advisory. *United States v. Booker*, 543 U.S. 220, 259 (2005). However, the correct calculation of the applicable guidelines range remains the starting point for federal sentencing, and a sentencing court is still required to consider the guidelines range in fashioning a sentence. *Booker*, 543 U.S. at 245.

The Supreme Court has declared that, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007), citing *Rita v. United States*, 551 U.S. 338, 347-48 (2007). "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall*, 552 U.S. at 49. The Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

"Sentences must be both procedurally and substantively reasonable." *United States v. Kamper*, 748 F. 3d 728, 739 (6th Cir. 2014), quoting *United States v. Castilla-Lugo*, 699 F. 3d 454, 458-59 (6th Cir. 2012). The task of a district court, at sentencing, is to impose a sentence upon a defendant that is, "'sufficient, but not greater than necessary to comply with the purposes,' of section 3553(a)(2)." *United States v. Wilms*, 495 F. 3d 277, 281 (6th Cir. 2007), quoting *United States v. Foreman*, 436 F. 3d 638, 644 n. 1 (6th Cir. 2006).

For bulk cash smuggling, based on the amount of $178,427 in cash involved

in the offense, and with Defendant's Criminal History Category of I, the Guidelines range is 18-24 months. This range also takes into account Defendant's acceptance of responsibility, with a resulting Base Offense Level of 15.

Supervised release for a Class D felony is a maximum of three years, 18 U.S.C. § 3583(b)(2), and a Guidelines range of one to three years. USSG § 5D1.2(a)(2). While the PSR notes that if a defendant is likely to be deported, the statute does not require a term of supervised release, given the current circumstances, it is unclear whether Colombia would agree to accept Defendant upon removal from the United States. PSR ¶ 64. Consequently, if Defendant is released from ICE custody pending removal, he should be supervised by Probation and should be required to meet conditions of supervised release as determined by the Court. Because of the uncertainty of when removal might occur, the Court should impose a term of supervised release to fill in that possible gap.

      C.    <u>Application of the 3553(a) factors support a Guidelines sentence.</u>

          (i)    Nature and Circumstances of the Offense and History and Characteristics of Defendant

The Court must consider, in fashioning a sentence, the nature and circumstances of the offense and the history and characteristics of a defendant. 18 U.S.C. § 3553(a)(1). Defendant's charged conduct is serious. Declarations made at any port of entry are serious, and the protection of our borders is likewise serious. However, Defendant's conduct was not violent, nor does Defendant have a criminal

6

history in the United States. Therefore, a Guidelines sentence should satisfy this sentencing factor.

> (ii)    Seriousness of the Offense, Respect for the Law, and Just Punishment

The second factor requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. 18 U.S.C. §3553(a)(2)(A). A Guidelines sentence will satisfy this § 3553(a) factor.

The charge of bulk cash smuggling has a statutory maximum sentence of 5 years. 31 U.S.C. § 5332(b)(1).

> (iii)   Need to Afford Adequate Deterrence

The sentence imposed must also, "afford adequate deterrence to criminal conduct and […] protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C). Based on the information provided in the PSR as to Defendant's educational and work history, it does appear that Defendant is likely to be deterred from further criminal activity because he has options for employment and support from his family. His lack of a criminal history supports that conclusion as well; therefore, a Guidelines sentence is justified.

The sentence imposed in this case must also serve to deter others. Any sentence imposed would send a message to like-minded individuals that there are

serious consequences for engaging in such conduct.

      (iv)    Effective Training and Treatment or other Correctional
              Treatment

The sentence imposed must, "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(a)(2)(D). The government supports educational, vocational and substance abuse programs for Defendant.

The government agrees with Probation's recommendation to include the following in the Judgment: "If you are ordered deported from the United States, you must remain outside the United States, unless legally authorized to re-enter. If you re-enter the United States, you must report to the nearest probation office within 72 hours after you return." PSR ¶ 82.

      (v)    Kinds of Sentences Available and Sentencing Range

The Court must also consider, "the kinds of sentences available …[and] the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the [United States Sentencing] guidelines. " 18 U.S.C. §§ 3553(a)(3), 3553(a)(4)(A). The government urges the Court to sentence defendant to a Guidelines sentence.

      (vi)    Policy Statements

The Court should also take into account any pertinent policy statements issued

by the United States Sentencing Commission. 18 U.S.C. § 3553(a)(5). The government is unaware of any relevant policy statements.

(vii) Sentencing Disparities

The Court must also factor into its sentencing decision, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Sentencing defendant to a Guidelines sentence will not result in disparate sentences among similarly-charged individuals.

(viii)  Restitution and Forfeiture

Finally, a Court must consider whether there is a need to impose restitution to any victim or victims of the defendant's offenses. 18 U.S.C. § 3553(a)(7). In this case, there are no identifiable victims, and thus no need to include any order of restitution in the Judgment. However, there is specific property to forfeit, namely, the $178,427 in bulk cash Defendant smuggled across the border.

The bulk cash smuggling statute includes a specific provision for forfeiture: "In addition, the court, in imposing sentence under paragraph (1), shall order that the defendant forfeit to the United States, any property, real or personal, involved in the offense, and any property traceable to such property." 31 U.S.C. § 5332(b)(2). The statute further provides: "If the property subject to forfeiture is unavailable and defendant has insufficient personal property that may be forfeited, the court shall

enter a personal money judgment in the amount that would be subject to forfeiture."
31 U.S.C. § 5332(b)(4).

Because Defendant abandoned his interest in the seized cash by signing an abandonment form, he has complied with Section 5332's requirement regarding forfeiture. There is no need to impose a personal money judgment against him at sentencing. But to make forfeiture complete, the Court should include a provision in the Judgment that notes his abandonment and forfeiture of the cash: *Pursuant to 31 U.S.C. § 5332(b)(2), Defendant has forfeited his interest in $178,427 in U.S. Currency.*

Considering the Section 3553(a) characteristics and the Court's mandate to impose a sentence that is "sufficient but not greater than necessary," the Court should impose a Guidelines range sentence.

IV.   CONCLUSION

Based on the foregoing, the government respectfully requests that the Court impose a sentence within the Guidelines.

> Respectfully submitted,
>
> MATTHEW SCHNEIDER
> United States Attorney
>
> /s/Julie A. Beck
> Assistant United States Attorney
> 211 West Fort Street, Suite 2001
> Detroit, MI 48226

(313) 226-9717
julie.beck@usdoj.gov
(P-53291)

Dated: August 18, 2020

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 18, 2020, I electronically filed the foregoing using the ECF system which will send notification of such filing to all ECF participants.

I further certify that I served this sentencing memorandum on the probation officer by e-mailing it to:

Jennifer Danysh
United States Probation Officer
Detroit, MI 48226
Jennifer_Danysh@miep.uscourts.gov

s/Julie A. Beck
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9717
julie.beck@usdoj. gov
